THE PEOPLE *v.* ORTIZ ET AL.

APPEAL from the District Court of Mayagüez.

No. 485.—Decided October 24, 1912.

CRIMINAL LAW—HABEAS CORPUS—MURDER IN FIRST DEGREE—PREMEDITATION AND DELIBERATION.—In accordance with our statutes, in order that the crime

of murder in the first degree may exist it is sufficient that, among other things, an unlawful death shall have been caused wilfully, deliberately,, and premeditatedly, and all these elements appear from the evidence taken in the case at bar. Deliberation and premeditation depend upon the circumstances of the case and the act of aiming and discharging a firearm at a person and thereby killing him is sufficient to constitute premeditation and deliberation notwithstanding the rapidity with which the act may have been committed.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellants.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Mariano Ortiz Machado and Ricardo Cabassa, *alias* Lampán, filed a petition in the District Court of Mayagüez for a writ of *habeas corpus,* alleging that they are confined in the Mayagüez jail under a warrant of arrest issued by the municipal judge of that city charging the former with the crime of murder in the first degree and the latter with being an accomplice thereto.

The hearing having been held the said district court dismissed the petition, but admitted Ricardo Cabassa, *alias* Lampán, to bail for his provisional release, and the bail having been furnished he was released after he and his companion had taken an appeal from the decision of the lower court. For this reason we will consider this appeal only as regards Mariano Ortiz Machado.

The warrant of arrest under which Ortiz Machado is confined orders his detention to answer to a charge of murder in the first degree in that, with premeditated malice, he unlawfully took the life of Fernando Suárez by firing a revolver shot at him and wounding him in the back, from which wound Suárez died.

The appellant maintains that it is not sufficient to use the words of the statute in the warrant, but that the charge must be based on facts proven, and that the investigation did not bring out evidence sufficient to warrant his arrest on a charge of murder in the first degree.

The warrant in this case conforms to all the requirements of section 25 of the Code of Criminal Procedure as it not only classifies the crime but also recites in general terms the acts committed by the defendant.

The second ground of the appeal, that the evidence is not sufficient to warrant his detention, compels us to look into the evidence introduced during the hearing on the petition.

Of course nothing that we may now say in regard to the said evidence will in any way prejudge the result of the evidence which may be introduced by the parties at the trial of the case, for the reason that the question we are now deciding is not whether or not Ortiz Machado is guilty of the crime with which he is charged, but simply whether he is deprived of his liberty on a charge of murder in the first degree on reasonable grounds.

From an examination of the evidence of the 13 witnesses examined and taken into consideration by the judge of the court below when he refused to grant Ortiz Machado his liberty we have found proofs tending to show that while Mariano Ortiz Machado, on September 28 last, was in the saloon of Esteban Hernández, in the city of Mayagüez, he had some words with Miguel Sacarello whom he insulted; that Miguel Cruz having intervened to bring about peace between them he was also insulted by the appellant, who drew a revolver also and fired two shots at Cruz; and that Fernando Suárez, who was running towards another saloon kept by Celina Medina, having at that moment passed in front of the former saloon, said Ortiz Machado aimed the revolver at him and fired when Suárez had his back turned, inflicting a wound which caused his instant death.

On the strength of this evidence we may reach the conclusion that Ortiz is properly detained on a charge of murder in the first degree, because the fact that he wilfully and unlawfully aimed and discharged his revolver at Suárez, thereby causing his death, implies deliberation and premeditation which are the elements by virtue of which a death

caused under such circumstances constitutes the crime of murder in the first degree.

In order that said crime may exist it is sufficient according to our statutes that, among other things, an unlawful death shall have been caused voluntarily, deliberately, and premeditatedly, all of which elements appear from the evidence examined by us. Deliberation and premeditation depend upon the circumstances of the case, and the act of aiming and discharging a firearm at a person and thereby causing his death is sufficient to constitute premeditation and deliberation notwithstanding the rapidity with which the act may have been consummated.

For the reasons stated, and inasmuch as Mariano Ortiz Machado is lawfully confined on a charge of murder in the first degree and cannot be admitted to bail, the decision refusing to release him should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.